IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| J.P. Morgan Chase Bank,<br>James Dimon, C.E.O.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Patricia Kearnes and William Kearnes,<br><br>    Defendants<br><br>Christopher Jones,<br>Desimber Wattleton-Jones,<br><br>    Third Party Defendants. | C/A No. 6:16-263-TMC-JDA<br><br>**REPORT AND RECOMMENDATION** |

    Desimber Wattleton-Jones and Christopher Jones ("the Joneses"), jointly proceeding pro se, removed this civil action from the Greenville County Court of Common Pleas and designated themselves as Third Party Defendants. The Joneses paid the full filing fee. The Complaint[1] alleges that this Court has subject matter jurisdiction over this action pursuant to a federal question. This action is subject to summary remand back to state court.

## BACKGROUND

    The Joneses allege the following pertinent factual allegations in the Complaint. They and two minor children reside at 304 Mitchell Road, Greenville, South Carolina. [Doc. 1.] They are tenants of the property, and that property is the subject of a state court

---

[1] The Notice of Removal does not contain a short and plain statement of the grounds for removal. Instead, the Joneses attached a new "Complaint" to the Notice of Removal, filed it in this Court, and listed themselves as Plaintiffs. [Doc. 1.] They did not submit a copy of the state court complaint to this Court. This Court will refer to the Joneses' pleading filed in this Court as the Complaint.

foreclosure action. [*Id.*] J.P. Morgan Chase Bank is a banking institution that obtained an order to eject the Joneses from the subject property; the order was signed by the Greenville County Court of Common Pleas Master in Equity on November 2, 2015. [*Id.*] The Joneses exercised their right and requested a hearing within the time allowed by the state court; they searched the state foreclosure case records and determined that J.P. Morgan Chase Bank and James Dimon[2] ("Dimon") did not comply with the Protecting Tenants Foreclosure Act, 2009 and 2010, as amended, 12 U.S.C. § 5220 ("PTFA" or "the Act"), related to proper notice of conveyance and right to continue tenancy by occupants of the property; and, the matter is set for a hearing in the Greenville County Court of Common Pleas.[3] [*Id.*]

The Joneses contend they have legal rights under the PTFA and the Fourteenth Amendment of the U.S. Constitution. [*Id.*] They allege they have the right to continue to reside in the subject property for 90 days, or until such time as the lease is completed, after conveyance of title and in addition to proper notice of the change in ownership being forwarded to Defendants in the time fixed by the Act. [*Id.*] They bring this action seeking to exercise their rights under the Act. [*Id.*] The Joneses seek a declaration and injunction against those acting in active concert from violating their rights under the Act. [*Id.*]

---

[2]The Joneses allege that he is the CEO of J.P. Morgan Chase Bank.

[3]To the Complaint, the Joneses attached a copy of a state court pleading entitled "Ejectment" signed by The Honorable Charles Simmons, Master in Equity for Greenville County, and filed on November 4, 2015. [Doc. 1-2 at 7–8.] The document provides that J.P. Morgan Chase Bank, National Association ("state Plaintiff"), is entitled to possession of 304 Mitchell Road; should an occupant of the property challenge state Plaintiff's right to possession, the occupant, upon filing a Motion to Stay Writ of Ejectment, shall be entitled to an expedited hearing which may be scheduled by calling the court after filing said motion. [*Id.*]

Even though it appears the state court set a hearing, the Joneses removed the state court action to this Court seeking to have "all matters heard and decided by the United States District Court." [*Id.*] Plaintiffs request nominal damages, a declaratory judgment, and injunctive relief. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Under established local procedure in this judicial district, a careful review has been made of the pro se pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[4] *See Mills v. Greenville Cnty.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *3 (D.S.C. Jan. 8, 2007) (noting that the payment of the full filing fee does not cure lack of jurisdiction), *adopted,* 2007 WL 4952430 (D.S.C. Jan. 30, 2007), *aff'd*, 251 F. App'x 246 (2007); *see also Bardes v. Magera,* No. 2:08-487-PMD-RSC, 2008 WL 2627134 (D.S.C. June 25, 2008) (finding that a court must not screen a complaint pursuant to 28 U.S.C. § 1915(e)(2) when the plaintiff is a non-prisoner who paid the filing

---

[4]This Court is <u>not</u> conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915.

3

fee); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a pro se party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

Plaintiff is a pro se litigant, and thus the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Complaint is subject to summary remand. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This action is subject to remand based on lack of subject matter jurisdiction. A district court may *sua sponte* remand a case to state court based on lack of subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. *See* 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

A federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

In this case, the Joneses appear to contend they removed the state case based on federal question jurisdiction because the state Plaintiff (J.P. Morgan Chase Bank) allegedly violated the federal statute PTFA. In *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 157–60 (6th Cir. 2014), brought by tenants alleging unlawful eviction from their rental home after the landlord defaulted on the mortgage and property was sold at foreclosure sale, the Sixth Circuit Court of Appeals held that the PTFA did not provide tenants with a private federal cause of action for unlawful eviction after foreclosure. That court explained that Congress enacted the PTFA as a temporary measure during the mortgage foreclosure crisis by imposing certain obligations on successors in interest to foreclosed

5

properties—"provide *bona fide* tenants with 90 days' notice to vacate and to allow *bona fide* tenants to occupy the premises until the end of their lease term unless certain conditions are met." *Id.* at 157.  However, the PTFA does not contain a provision creating a right of action for violations of the section or establishing any remedy when the section is violated. *Id.* at 158.  And, that court determined that Congress did not intend to provide an express or implied right of action.  *Id.*

While this Court cannot find a Fourth Circuit Court of Appeals decision on point, it agrees with the Sixth Circuit in *Mik* that the PTFA does not provide a private right of action to tenants.  Additionally, it appears that Congress enacted the PTFA as a temporary measure which sunset, or ended, on December 31, 2014.  *See* 12 U.S.C. § 5220 (2008); S. Rep. No. 1491, at Sec. 202 (June 3, 2015) (introduced in the Senate to restore Section 701 through 703 of the PTFA of 2009 as were in effect on December 31, 2014).  Therefore, the Joneses do not have a civil action arising under the United States law known as the PTFA.

Further, although the Joneses purport to allege a claim pursuant to the Fourteenth Amendment of the United States Constitution, on its face such a cause of action is implausible.  A civil action filed pursuant to 42 U.S.C. § 1983, "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured

by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Joneses attempt to sue J.P. Morgan Chase Bank, a corporation, and Dimon, the CEO of that bank, under § 1983 for a due process violation. However, § 1983 "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Id.* The Joneses do not allege any factual allegations against J.P. Morgan Chase Bank and Dimon that may be attributed to a state. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). The Joneses merely allege private conduct taken by the bank to take possession of the property it purchased in foreclosure. *See Smith v. Washington Mut. Bank*, C/A No. 2:08-2573-MBS, 2008 WL 4613963, at *1 (Oct. 10, 2008) (financial institutions and agents of financial institutions pursuing a foreclosure are not taking state action). Accordingly, because the Joneses do not allege a plausible violation of the United States Constitution or any federal law, there is no federal question jurisdiction over this action. Thus, it should be remanded *sua sponte* to state court for lack of subject matter jurisdiction.

## **RECOMMENDATION**

It is recommended that the District Court summarily remand this action to state court pursuant to 28 U.S.C. § 1447, based on lack of subject matter jurisdiction. **The Joneses and other parties attention is directed to the important notice on the next page.**

February 9, 2016  S/Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).